HETTIE BARHAM ET AL. v. LUCY HOLLAND, MATT HOLLAND ET AL.

(Filed 3 October, 1917.)

**Appeal and Error—Adverse Possession—Evidence—Instructions—Trials.**

> In an action involving title to lands claimed by defendant by adverse possession, testimony of plaintiff of a conversation with others, to show defendant's permissive occupation, but not in her presence, and without in any way showing its connection with defendant's claim, is rendered reversible error by the court emphasizing this testimony in his charge to the jury in relation to the rights of the parties, when otherwise there was no evidence that the defendant's possession was permissive.

PROCEEDINGS in sale of land for partition, transferred to civil issue docket and tried on issues submitted before *Stacy, J.,* and a jury, at February Special Term, 1917, of HARNETT.

Defendants having plead sole seizin, the jury rendered a verdict that plaintiffs were owners of an interest in the land set out in the petition and they and defendants were tenants in common in said land.

Judgment on the verdict, and defendants excepted and appealed.

*Baggett & Baggett and Clifford & Townsend for plaintiffs.*
*E. F. Young and F. T. Dupree for defendants.*

PER CURIAM. We have carefully considered the record, and are of opinion that reversible error has been committed, to defendants' prejudice.

There was evidence on the part of the plaintiffs tending to show that plaintiffs were tenants in common with defendants other than Lucy Holland. On the part of defendants there was testimony tending to show that Lucy Holland, mother of the codefendants, had been in the open, notorious possession of the land, asserting exclusive ownership for 25 or 30 years, using it in all respects as if she were sole owner. With a view of showing that the occupation of Lucy Holland was permissive and not adverse, plaintiffs, over defendants' objection, were allowed to prove by Hettie Barham, one of plaintiffs, that she at one time had a conversation with Joe and Jim Ochiltree relative to dividing the land. We are unable to discover anywhere in the case on appeal that Joe or Jim Ochiltree

had any connection with defendant or her occupation of the property, and this is the only testimony in the record, as it now appears, showing or tending to show that the question of dividing the land was ever discussed by any one, or referred to, and there is no testimony that we can find from plaintiff or defendant tending to show that defendant had ever had such conversation, or that she had personally ever acted in reference to the land, except in the assertion of her ownership.

On this feature of the case his Honor charged the jury as follows: "The parties in this suit differ in their claim as to whether or not Lucy Holland ever claimed this land as against her brothers and sisters. The plaintiffs argue and contend from this evidence that you should find and be satisfied that she at all times acknowledged the right of her brothers and sisters to a portion of the land, and that she had discussed with them on several occasions that there should be a division of the land and the plaintiffs given their part and the defendant her part, and that discussion was evidence tending to show that she was not claiming it as her own; that she was not claiming more than her interest or share in the land, and that her title to the whole land could not ripen so long as she was not making adverse claim with the intent to hold it against all others."

Defendant duly noted exceptions, both to the admission of the testimony and the charge, and we are of opinion, as stated, that reversible error has been committed.

There being no evidence to connect Joe and Jim Ochiltree in any way with defendant's occupation of the land, or tending to show that defendant was present at the conversation referred to, we were at first inclined to think that the admission of the evidence might be considered harmless error, but, this being the only testimony about dividing the land, the charge of his Honor in reference to it, in our opinion, gave it such significance that it may have unduly and improperly influenced the jury, to defendant's prejudice.

True, we have repeatedly held that a statement of a party's contentions, though mistaken, will not be held for reversible error in itself, if the law is laid down correctly, as applied to the issue, and, so stated we have no desire or intention to modify the position, but the admission of the testimony as to dividing the land between one of plaintiffs and third persons, not in presence of defendant and with a view of showing a permissive occupation by defendant, was in itself erroneous, and it may not be disregarded, because this reference to it by his Honor, as stated, was calculated to give it such significance that, to our minds, makes its reception reversible error. This will be certified, that the issue may be submitted to another jury.

New trial.